UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

---

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

KEVIN R. LEHMANN,
GAIL R. LEHMANN,
SANGAMON COUNTY, ILLINOIS, and
ILLINOIS VENTURES FOR COMMUNITY
    ACTION,

    *Defendants.*

Case no.

---

## COMPLAINT

The United States of America, pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.), with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action to (1) obtain a judgment against defendant Kevin R. Lehmann for unpaid federal tax liabilities and (2) enforce federal tax liens against certain real property located in Springfield, Illinois, described below.  In support of this action, the United States alleges:

**Jurisdiction, Venue, and Parties**

    1.    This Court has jurisdiction over this civil action pursuant to Sections 1331, 1340, and 1345 of Title 28 of the United States Code and Sections 7402(a) and 7403 of the Internal Revenue Code.

    2.    Venue in this district is proper under Sections 1391(b)(1) and 1396 of Title 28 of the United States Code because this is the district where defendant Kevin R. Lehmann resides,

where the liabilities arose, and where the property against which the United States seeks to enforce its liens is located.

3. The real property at issue in this case (the "Property") is located in this district at ▇▇▇▇▇▇▇▇▇▇▇▇, Springfield, Illinois 62704 and legally described as:

> Lot 308 in Koke Mill East Planned Unit Development 7th Plat, a subdivision of part of the Northeast Quarter and the Southeast Quarter of Section 1, Township 15 North, Range 6 West of the Third Principal Meridian.
>
> P.I.N. 21-01-253-006

4. Gail R. Lehmann is the wife of Kevin R. Lehmann and is named as a party pursuant to Section 7403(b) of the Internal Revenue Code because she has or may claim an interest in the Property.

5. Sangamon County, Illinois is named as a party pursuant to Section 7403(b) of the Internal Revenue Code because it has or may claim an interest in the Property and because during this action, the County may not enforce any liens it may have or obtain through a non-judicial sale.

6. Illinois Ventures for Community Action is named as a party pursuant to Section 7403(b) of the Internal Revenue Code because it has or may claim an interest in the Property.

**The Unpaid Employment Tax Liabilities of Mid-Illinois Caliper Company**

7. The Mid-Illinois Caliper Company, Inc. ("MICC") was a corporation formed under Illinois law on August 9, 1974. It was dissolved on January 10, 2014. Its principal place of business was 2803 N. Dirksen Parkway, Springfield, Illinois 62702.

8. MICC failed to withhold and pay over certain employment taxes in connection with wages it paid to its employees during the fourth quarter of 2006; each quarter of 2007; the

first, third, and fourth quarters of 2008; the first and fourth quarters of 2009; and the first quarter of 2010.

9. During the period when MICC was delinquent in its federal employment taxes, it paid other creditors, including utilities and other ongoing bills.

10. At all relevant times, Kevin R. Lehmann was the president and sole shareholder of MICC.

11. Kevin R. Lehmann was solely in charge of the finances of MICC. He was solely responsible for directing or authorizing the payment of creditors and the authorization of payroll. He had the authority to sign checks on behalf of MICC, and he did, in fact, sign checks on behalf of the company.

12. Kevin R. Lehmann was a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and Federal Insurance Contributions Act taxes withheld from the wages of the employees of MICC.

13. Kevin R. Lehmann willfully failed to collect, account for, and pay over to the Internal Revenue Service those taxes.

**Federal Tax Liabilities of Kevin R. Lehmann**

14. A delegate of the Secretary of the Treasury made Trust Fund Recovery Penalty (TFRP) assessments against Kevin R. Lehmann, pursuant to Section 6672 of the Internal Revenue Code, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the trust fund portion of federal income and Federal Insurance Contributions Act taxes withheld from the wages of the employees, and who willfully failed to do so for the periods described below, with balances due as of September 6, 2018 after the application of all accruals, abatements, fees and costs, payments, and credits, as follows:

| Period ending | Assessment date | Assessment amount | Balance due as of 9/6/2018 |
|---|---|---|---|
| 12/31/2006 | 2/9/2009 | $20,414.90 | $28,745.25 |
| 3/31/2007 | 1/12/2009 | $21,408.74 | $27,795.89 |
| 6/30/2007 | 1/12/2009 | $17,607.08 | $24,860.40 |
| 9/30/2007 | 2/9/2009 | $18,052.08 | $25,391.18 |
| 12/31/2007 | 2/9/2009 | $16,815.35 | $23,651.65 |
| 3/31/2008 | 1/12/2009 | $17,311.53 | $24,443.12 |
| 9/30/2008 | 2/21/2011 | $5,923.71 | $7,710.07 |
| 12/31/2008 | 2/21/2011 | $5,743.85 | $7,448.52 |
| 3/31/2009 | 2/21/2011 | $472.96 | $613.33 |
| 12/31/2009 | 2/21/2011 | $5,622.86 | $7,291.62 |
| 3/31/2010 | 2/21/2011 | $4,493.37 | $6,410.47 |

15. On or about the dates of the assessments described in paragraph 14, a delegate of the Secretary of the Treasury duly issued notices of the liabilities to and made demand for payment upon Kevin R. Lehmann.

16. Despite the notices of the liabilities and demands for payment, Kevin R. Lehmann has failed, neglected, or refused to pay in full the liabilities described in paragraph 14, and after the application of all accruals, abatements, fees and costs, payments, and credits, he remains indebted to the United States for those tax periods in the amount of $184,361.50, plus statutory additions from September 6, 2018.

17. Pursuant to Section 6321 of the Internal Revenue Code, upon Kevin R. Lehmann's failure to pay in full the assessments listed in paragraph 14, above, federal tax liens arose in favor of the United States upon all of Kevin R. Lehmann's property and rights to property, including the Property.

18. On or about February 24, 2009; March 23, 2009; and April 15, 2011, the IRS, in accordance with Section 6323(f) of the Internal Revenue Code, filed notices of federal tax lien

with the Sangamon County Recorder with respect to the unpaid federal tax liabilities of Kevin R. Lehmann.

### Kevin R. Lehmann's Knowledge of the Unpaid Tax Liabilities

19. Kevin R. Lehmann learned that MICC was delinquent in withholding and paying over federal employment taxes no later than July of 2004, when he met with IRS personnel, who informed him of the delinquency.

20. Kevin R. Lehmann learned that he could be personally liable in respect of MICC's failure to withhold and pay over federal employment taxes no later than February of 2005.

21. In the spring and summer of 2008, Kevin R. Lehmann and his attorney Gordon Gates spoke with IRS personnel regarding the employment tax delinquencies of MICC.

22. Kevin R. Lehmann consulted with Gordon Gates no later than June of 2008 regarding the employment tax delinquencies of MICC.

### Transfers of the Property

23. By warranty deed dated December 3, 1987, Michael J. vonBehren and Cheri M. vonBehren conveyed the Property to Kevin R. Lehmann.

24. By a document denominated as a warranty deed dated August 1, 2008, Kevin R. Lehmann purported to convey the Property to himself and to Gail Lehmann as tenants in the entirety for *de minimis* consideration. The purported warranty deed was prepared by Gordon Gates.

25. Kevin R. Lehmann did not receive reasonably equivalent value for the purported transfer described in paragraph 24.

26. On information and belief, Kevin R. Lehmann made the purported transfer described in paragraph 24 with the actual intent to hinder, delay, or defraud the United States.

27. Kevin R. Lehmann knew at the time of the purported transfer described in paragraph 24 that he had caused MICC to fail to collect and pay over federal withholding taxes and knew that he had incurred personal liability in respect of those taxes.

28. On information and belief, Kevin R. Lehmann knew at the time of the purported transfer described in paragraph 24 that he intended to continue causing MICC to fail to collect and pay over federal withholding taxes and he knew that he would continue to incur personal liability in respect of those taxes.

29. On information and belief, at the time of or as a result of the transfer described in paragraph 24, Kevin R. Lehmann was or became insolvent.

## Count I:  Reduce Unpaid Tax Liabilities to Judgment

30. The United States is entitled to judgment against defendant Kevin R. Lehmann for the Trust Fund Recovery Penalty in the amount of $184,361.50, plus statutory additions from September 6, 2018.

## Count II:  Determine That Kevin R. Lehmann's Transfer of the Property Is Voidable as to the United States Under the Illinois Uniform Fraudulent Transfer Act

31. The United States is entitled to a determination that the purported conveyance of the Property from Kevin R. Lehmann to Gail R. Lehmann is voidable as to the United States pursuant to the Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160, and that the federal tax liens attach to Kevin R. Lehmann's interest in the Property as though the purported conveyance had never occurred.

**Count III:  The United States Is Entitled To Enforce Its Liens on the Property**

32. Pursuant to Section 7403 of the Internal Revenue Code, the United States is entitled to enforce its liens upon the Property; to have that property sold, pursuant to Section 7403(d) of the Internal Revenue Code, free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption; and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by Section 6323(b)(6) of the Internal Revenue Code, to the United States or as otherwise determined by the Court.

**WHEREFORE**, the plaintiff United States of America prays that this Court:

1. Enter judgment in favor of the United States and against Defendant Kevin R. Lehmann for the Trust Fund Recovery Penalty arising out of the unpaid withholding tax liabilities of Mid-Illinois Caliper Company, Inc., $184,361.50, plus statutory additions from September 6, 2018, plus statutory accruals, including interest as allowed by Sections 6601, 6621, and 6622 of the Internal Revenue Code and Section 1961(c) of Title 28 of the United States Code, from that date;

2. Determine that the purported transfer of the Property on August 1, 2008 was a fraudulent transfer as to the United States and that the transfer can be avoided to the extent necessary to satisfy the United States' claim pursuant to the Illinois Uniform Fraudulent Transfer Act;

3. Determine that the United States has valid and subsisting federal tax liens, pursuant to Section 6321 of the Internal Revenue Code, upon all property and rights to property

belonging to Kevin R. Lehmann, including the Property, because the transfer is voidable as to the United States;

   4. Determine that any failure by any defendant, other than Defendant Kevin R. Lehmann and any governmental entity holding a lien securing unpaid real property tax under Section 6323(b)(6) of the Internal Revenue Code, to timely plead a right, title, claim, or interest in the Property shall result in a default being entered against that party and a default judgment holding that that party has no right, title, lien, claim, or other interest in the Property;

   5. Enter judgment that the United States is entitled to enforce its liens upon the Property; enter an order of sale in respect of the Property directing that it be sold free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption; and direct that after the payment of the cost of sale and any real estate taxes due and owing, the proceeds of sale be distributed to the United States; and

   6. Grant the United States such other and further relief, including costs of this action, as the Court deems just and equitable.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice


By:   */s/ Arie M. Rubenstein*
        ARIE M. RUBENSTEIN
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-6588 (v)
        202-514-5238 (f)
        Arie.M.Rubenstein@usdoj.gov

Local Counsel:

JOHN E. CHILDRESS
United States Attorney

HILARY FROOMAN
Assistant United States Attorney
318 S. Sixth Street
Springfield, IL  62701
(217) 492-4450 (v)
(217) 492-4512 (f)
Hilary.Frooman@usdoj.gov

JS 44   (Rev. 06/17)                                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
Kevin R. Lehmann; Gail R. Lehmann; Sangamon County, Illinois; Illinois Ventures for Community Action

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Sangamon County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Department of Justice, Tax Division
P.O. Box 55
Washington, D.C.  20044

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401
Brief description of cause:
Action to reduce federal tax liabilities to judgment and to enforce federal tax liens

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 184,361.50
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  [X] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  09/06/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Arie M. Rubenstein

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

- **I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  - **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  - **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

- **II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

- **III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

- **IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

- **V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

- **VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

- **VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

- **VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.